Boyd, Assignee of Smith & Neely, v. Rutledge *et al.*

1. Garnishment: JOINT JUDGMENT AGAINST GARNISHEES. A judgment in a garnishment proceeding will not be reversed because rendered jointly against different garnishees, who answered separately, when the reply was to all of such answers, and it is not shown but that the evidence, which is not certified, established the joint liability of the garnishees.

2. —— REFERENCE TO ORIGINAL JUDGMENT. *Semble*, that, where the record entry of a judgment against garnishees contains the title of the cause in which the original judgment was rendered, distinctly and fully stated, it is a sufficient compliance with section 3213 of the Revision, which requires the judgment against the garnishees to "distinctly refer to the original judgment."

3. Practice: ERRORS WHICH MIGHT HAVE BEEN CORRECTED BELOW. A judgment, or order, of the District Court, will not be reversed for an error which might have been corrected on motion in that court.

*Appeal from Madison District Court.*

FRIDAY, JULY 3.

THE defendants, G. M. Rutledge, Jordan & Cahn were garnished as the supposed debtors of A. M. Rutledge, who was a judgment debtor of the plaintiff. Upon their several answers, issue was jointly taken, and on the trial thereof judgment was rendered in favor of plaintiff against the garnishees jointly. The garnishee, G. M. Rutledge, alone appeals.

*Leonard & Mott* for the appellant.

*V. Wainright* for the appellee.

COLE, J. — The three defendants, G. M. Rutledge, J. S. Jordan and Ferdinand Cahn, the last two composing the firm of Jordan & Cahn, were severally served with notice of garnishment, and made their separate answers. A pleading was filed, en-

titled as of this plaintiff against the judgment debtor and all three of the garnishees, and styled a reply. This reply "denied the answers of the above named garnishees," and averred, that they had in their possession a large quantity of wool belonging to defendant, worth $300, and upon which they had no claim. There was a trial to the court, and judgment for plaintiff against the three garnishees jointly for $194.95. The defendant G. M. Rutledge appeals, and assigns substantially two errors.

The first is, that the answer of the garnishee, G. M. Rutledge, as also of each of the others, was separate, and that no joint judgment could properly be rendered against them; and especially so as to said G. M. Rutledge, since no separate reply was filed to his answer. A sufficient response to this alleged error is found in the fact, that the reply filed did, in its express language, embrace the answer of the garnishee Rutledge, as well as the others; and, since the trial was to the court, and none of the evidence is brought up, we cannot say but that it was made distinctly to appear to the District Court that Rutledge was *jointly* liable with the other defendants to the extent of the judgment rendered.

The second error as assigned is, that the judgment against the garnishees does not "distinctly refer to the original judgment," as required by Revision, section 3213. In answer to this we say, that the record entry of judgment does contain the title of the cause in which the original judgment was rendered, distinctly and fully stated.

2. ——reference to original judgment.

If this answer was not sufficient, another could be found in Revision, section 3545, which provides that "a judgment or order shall not be reversed for an error which can be corrected on motion in the inferior court, until such motion has been

3. PRACTICE: errors which might be corrected below.

made there and overruled." The error complained of is a mere verbal or clerical one, and, might have been corrected on motion in the District Court; and this, even conceding (which we do not) the claim of the appellant's counsel, that the judgment does not distinctly refer to the original judgment.

Affirmed.